IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE HILLARD WELLS JR. #315886     *
           Plaintiff,
      v.                                   * CIVIL ACTION NO. RDB-05-753

CITY OF BALTIMORE                 *
BALTIMORE CITY POLICE DEPARTMENT
BALTIMORE CITY SOLICITOR     *
  THURMAN W. ZOLLICOFFER
POLICE OFFICER JAMES MCKINLEY     *
POLICE COMMISSIONER ED NORRIS
MAYOR MARTIN O'MALLEY        *
           Defendants.
                                           ***

## **MEMORANDUM OPINION**

On March 17, 2005, Plaintiff, a state prisoner at the Eastern Correctional Institution Annex, originally filed this Complaint seeking unspecified relief arising out of force used during the course of an April 5, 2002, police pursuit in Baltimore City.[1] In his court-ordered supplemental Complaint for damages, Plaintiff claims that: (i) he was forced off the road by two plain clothes police detectives in an unmarked police car; (ii) Detective Ford drove aggressively and Detective McKinley shot at him repeatedly, hitting him once in the chest and causing him to become temporarily paralyzed and lose consciousness; (iii) his vehicle jumped the curb and crashed through a fence and into a shed; (iv) the crash "knocked [him] into consciousness;" and (v) as he fled for his safety, he was tackled, kicked, and brutally beaten by the police while handcuffed. Plaintiff raises the following claims against all Defendants:

- He was subject to malicious and excessive force and gross negligence during the course of the automobile chase and his arrest;

---

[1] Aside from specific allegations of "gross negligence" and "malicious use of force" raised against Defendant McKinley, Plaintiff made no concrete claims against the other named Defendants in his original Complaint.

- His Fourth Amendment rights against illegal search and seizure were violated;

- His rights were violated under Maryland's Declaration of Rights;

- His Fourth Amendment rights were violated when officers acted without warrant and without probable cause; and

- He was subject to false claims from police officers regarding justification for the use of force.[2]

Pending are the Motion to Dismiss of the Mayor and City Council of Baltimore ("City") (Paper No. 13); the Motion to Dismiss of Edward Norris and Baltimore City Police Department ("Police Department") (Paper No. 17); and the Motion to Dismiss of Mayor Martin O'Malley and City Solicitor Thurman Zollicoffer. (Paper No. 25). Plaintiff has filed oppositions thereto. (Paper Nos. 26, 32, & 34). Defendants O'Malley and Zollicoffer have filed their replies. (Paper Nos. 29 & 33). The Court has determined that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2004). For the reasons stated below, the Motions to Dismiss of Defendants O'Malley, Norris, and Zollicoffer are granted and the Motions to Dismiss of Defendants City and Police Department are denied.

I.    Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal conclusions or pleaded facts, or conclusory factual allegations devoid of any reference to particular

---

[2] According to Plaintiff, he was charged with various offenses and entered an *Alford* plea to assault and a guilty plea to possession, for which he received a five-year sentence.

acts or practices. *See Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

II. <u>Analysis</u>

Defendants' O'Malley, Norris, and Zollicoffer correctly observe that Plaintiff has leveled no factual allegations against them in his Complaints which would show their personal involvement in the alleged use of excessive force. Insofar as Plaintiff seeks to find these Defendants liable under a *respondeat superior* liability, his Complaint fares no better. The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in claims filed pursuant to 42 U.S.C. § 1983. *See Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D. Va. 1991). For this reason, the Motions to Dismiss filed by Defendants' O'Malley and Zollicoffer shall be granted. (Paper No. 25). The Motion to Dismiss filed by Defendant Norris and Police Department shall be granted in part to the extent that Defendant Norris shall be dismissed from this case. (Paper No. 17).

Despite clear law to the contrary, Defendant Police Department primarily argues that the claims against it should be dismissed because it is an agency and instrumentality of the State of Maryland and is subject to sovereign immunity under the Eleventh Amendment. *See Chin v. City of Baltimore*, 241 F.Supp.2d 546, 548 (D. Md. 2003); *Alderman v. Baltimore City Police Dep't, et al.*, 925 F. Supp. 256, 257 (D. Md. 1997); *Hector v. Weglein*, 558 F. Supp. 194, 198-99 (D. Md. 1982); *Wilcher v. Curley,* 519 F. Supp. 1, 3-4 (D. Md. 1980 & 1981).[3]

---

[3] In *Clea v. Mayor of Baltimore*, 312 Md. 662, 541 A.2d 1303 (1988), a case cited by the BCPD in support of its immunity argument, the Maryland Court of Appeals acknowledged the immunity conundrum by indicating that "[W]e are aware, of course, that the General Assembly's designation of the Baltimore City Police Department as a state agency would not be controlling for all purposes. For example, with regard to federal law liability under 42 U.S.C. § 1983, that state law classification of the Baltimore City Police Department would not be decisive and the Baltimore City Police Department might well be regarded as a local government agency...." *See Clea*, 312 Md. at 670 n. 5.

Defendants City and Police Department further assert that there is nothing in the Complaint which identifies any policy or policymaker within the Police Department as the cause for Plaintiff's injury and that they therefore cannot be found liable under a *respondeat superior* theory. In his opposition responses, Plaintiff claims that these Defendants are subject to municipal government liability.

Municipalities are only liable for civil rights violations if the alleged unconstitutional acts were caused by an official policy or custom. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Municipal policy arises from written ordinances, regulations, and statements of policy, *id*. at 690; decisions by municipal policymakers, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); and omissions by policymakers that show a "deliberate indifference" to the rights of citizens. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The Supreme Court and the Fourth Circuit have repeatedly observed that proof of a single violation is insufficient to support the inference that the alleged constitutional violation resulted from a municipal policy, custom or practice. *See City of Oklahoma v. Tuttle*, 471 U.S. 808, 821 (1985); *Carter v. Morris*, 164 F.3d 215, 220 (4th Cir. 1999); *Semple v. City of Moundsville*, 195 F.3d 708, 713-14 (4th Cir. 1999); *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987). "Municipal fault may be ascribed for the first specific violation that results from proven policy, while fault for a violation resulting from condoned custom can only be ascribed when a pattern of comparable practices has become actually or constructively known to responsible policymakers." *Spell v. McDaniel*, 824 F.2d at 1391 (citations omitted).

In reviewing the subject complaint in light of a Rule 12(b)(6) motion, all reasonable inferences are to be accorded to Plaintiff. According the Plaintiff those inferences, there are factual allegations made against the City and Police Department which may involve issues of custom and

4

practice against these remaining Defendants. This Court has limited material before it with regard to the alleged incident of April 5, 2002. It is possible that the alleged vehicular chase and use of force applied during the course of the arrest was conducted pursuant to official policy or as a matter of pattern or practice. There is no objective documentation to the contrary. Indeed, given the posture of the case and the non-responsive pleadings filed by Defendants, Plaintiff may amend his Complaint as a matter of course to include factual allegations regarding the policies and custom or practice of the BCPD. *See McKinney v. Irving Independent School District*, 309 F.3d 308, 315 (5th Cir. 2002) (motion to dismiss pursuant to Rule 12(b)(6) is not a "responsive pleading," and "the filing of such a motion does not extinguish a party's right to amend as a matter of course."); *see also Smith v. Blackledge*, 451 F.2d 1201, 1203 n. 2 (4th Cir.1971). Accordingly, the Motions to Dismiss filed by the City of Baltimore and Police Department shall be denied.[3]

III.    Conclusion

For the aforementioned reasons, the Motions to Dismiss of Defendants O'Malley, Zollicoffer, and Norris are granted and the Motions to Dismiss of Defendants City and Police Department are denied.

Date: January 24, 2006            /s /
                                  RICHARD D. BENNETT
                                  UNITED STATES DISTRICT JUDGE

---

[3]    Plaintiff's amended complaint levels charges of excessive force against Detective James McKinley which are colorable under 42 U.S.C. § 1983. The Baltimore City Department of Law has now consented to accept service on behalf of McKinley.